BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP        BDFTE#  00000001240233
1900 ST. JAMES PLACE SUITE 500
HOUSTON,  TX 77056
(713) 621-8673

Attorney for CITIMORTGAGE, INC SUCCESSOR BY REASON OF MERGER WITH CITIFINANCIAL MORTGAGE COMPANY, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-40123-BTR-13 |
| | § | |
| LYNNE JOHNSON COLEMAN, | § | |
|   Debtor | § | CHAPTER 13 |
| | § | |
| CITIMORTGAGE, INC | § | |
| SUCCESSOR BY REASON OF | § | |
| MERGER WITH CITIFINANCIAL | § | |
| MORTGAGE COMPANY, INC. ITS | § | |
| ASSIGNS AND/OR SUCCESSORS IN | § | |
| INTEREST, | § | |
|   Movant | § | HEARING DATE:_____ |
| | § | |
| v. | § | TIME:_____ |
| | § | |
| LYNNE JOHNSON COLEMAN; JANNA | § | |
| L. COUNTRYMAN, Trustee | § | |
|   Respondents | § | JUDGE BRENDA T. RHOADES |

**MOTION OF CITIMORTGAGE, INC SUCCESSOR BY REASON OF MERGER WITH CITIFINANCIAL MORTGAGE COMPANY, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST
FOR RELIEF FROM STAY OF ACTION AGAINST DEBTOR(S) PURSUANT TO 11 U.S.C. § 362(a) AND WAIVER OF THIRTY DAY REQUIREMENT PURSUANT TO § 362(e)**

**NOTICE**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN 15 DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**

**IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant, CITIMORTGAGE, INC SUCCESSOR BY REASON OF MERGER WITH CITIFINANCIAL MORTGAGE COMPANY, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, by and through the undersigned attorney, and moves the Court as follows:

1. This Motion is brought pursuant to 11 U.S.C. §362(d) in accordance with Rule 4001 of the Bankruptcy Rules.

2. On or about January 25, 2008, Debtor (hereinafter "Debtor") filed a petition for an order of relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C.

3. At the time of filing the Chapter 13 petition, Movant held a Note executed on April 5, 2005, by LYNNE JOHNSON COLEMAN in the original amount of TWO HUNDRED THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($200,750.00) with interest thereon at the rate of 5.875% per annum.  A true and correct copy of the Note is attached hereto as Exhibit "A".  Movant is the Servicer, the holder of the Note and the mortagagee of record, holding a first security interest in the below described real property and is authorized to bring this action as Movant on behalf of the Investor* pursuant to the Freddie Mac Single-Family Seller/Servicer Guide, the servicing agreement between Servicer and Freddie Mac, which is published on AllRegs at http://www.freddiemac.com/sell/guide/#.

---

\* Federal Home Loan Mortgage Corporation ("Freddie Mac") is the Investor.
BK1120E-64/MFR/DEBTOR/Eastern/SHERMAN/00000001240233                                              Page 2 of 6

4.  The indebtedness is secured by a Deed of Trust dated April 5, 2005 and executed by LYNNE JOHNSON COLEMAN on real estate with all improvements known as:

LOT 22, IN BLOCK H, OF WESTRIDGE ON THE FAIRWAYS PHASE I, AN ADDITION TO THE CITY OF MCKINNEY, COLLIN COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME O, PAGE 137, PLAT RECORDS, COLLIN COUNTY, TEXAS.

A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B".

5.  Debtor has failed to maintain current the post-petition payments due under the Note and is presently in arrears for 2 payments through and including the June 1, 2009 payment.

6.  The outstanding indebtedness to Movant is $189,812.96 principal plus accrued interest, late charges, attorneys fees and costs as provided in the Note and Deed of Trust.

7.  Further cause may exist to terminate the automatic stay if the Debtor fails to provide proof of adequate insurance and payment of applicable taxes by Debtor as required by the Note and Deed of Trust. Movant hereby demands proof of insurance and payment of applicable taxes by Debtor. Movant reserves the right to further assert that Debtor has failed to pay taxes or insurance based on the response of Debtor.

8.  In accordance with the terms of the Note and Deed of Trust, Movant would allege that it is entitled to reasonable post-petition attorneys fees, including, but not limited to, fees, if any, for the preparation and filing of a proof of claim and fees and costs for the filing of this Motion for Relief from Stay.

9.  Debtor has failed to provide adequate protection to Movant which constitutes cause to terminate the automatic stay of 11 U.S.C. §362(a).

10. By reason of the foregoing, Movant requests the Court to terminate the stay so Movant may proceed to foreclose in accordance with its Note and Deed of Trust.

11. Movant reserves the right to assert an 11 U.S.C. § 362(d)(2) Cause of Action, if appropriate, at the hearing on Movant's Motion for Relief.

12. The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

WHEREFORE, Movant prays that this Court enter an order, after notice and hearing, terminating the automatic stay as to Movant; alternatively, Movant be made whole by having all post-petition payments brought current. Movant further prays that the Court waive the provision of Rule 4001 (a) (3) and that CITIMORTGAGE, INC SUCCESSOR BY REASON OF MERGER WITH CITIFINANCIAL MORTGAGE COMPANY, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST be permitted to immediately enforce and implement any order granting relief from the automatic stay; that Movant be awarded its reasonable post-petition attorneys fees and expenses for this Motion; and, that Movant be granted such other and further relief as is just.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ DAMIAN ABREO
DAMIAN ABREO
TX NO. 24006728
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
Telephone: (713) 621-8673
Facsimile: (972) 661-7702
E-mail: EDECF@BBWCDF.COM
ATTORNEY FOR MOVANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2009, a true and correct copy of the foregoing Motion for Relief from Stay was served via electronic means as listed on the Court's ECF noticing system or by regular first class mail to the parties on the attached list.

> Respectfully submitted,
>
> BARRETT DAFFIN FRAPPIER
> TURNER & ENGEL, LLP
>
> /s/ DAMIAN ABREO                    6/19/2009
> DAMIAN ABREO
> TX NO. 24006728
> 1900 ST. JAMES PLACE SUITE 500
> HOUSTON, TX 77056
> Telephone: (713) 621-8673
> Facsimile: (972) 661-7702
> E-mail:  EDECF@BBWCDF.COM
> ATTORNEY FOR MOVANT

**DEBTOR:**
LYNNE JOHNSON COLEMAN
9212 HUNTER CHASE DR.
MC KINNEY, TX  75070

**TRUSTEE:**
JANNA L. COUNTRYMAN
P.O. BOX 941166
PLANO, TX  75094-1166

**US TRUSTEE:**
110 N. COLLEGE AVE.
SUITE 300
TYLER, TX  75702

**DEBTOR'S ATTORNEY:**
CHRISTOPHER MARVIN LEE
5646 MILTON STREET, SUITE 120
DALLAS, TX  75206

**PARTIES IN INTEREST:**
None

**PARTIES REQUESTING NOTICE:**
RECOVERY MANAGEMENT SYSTEMS CORP.
25 SE 2ND AVENUE, SUITE 1120
MIAMI, FL  33131-1605

HOMECOMINGS FINANCIAL, LLC
C/O MELISSA L. CARTER, ESQ.
525 E. MAIN ST.
P.O. BOX 12289
EL CAJON, CA  92022-2289

DCFS USA LLC
C/O STEPHEN G. WILCOX
P.O. BOX 11509
FORT WORTH, TX  76110-0509